IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 19-636 |
| DESHAUN DAVIS, (1) <br> DWAYNE BUTLER, (2) <br> TYLEEL SCOTT-HARPER, (3) <br> ISIAH JENIFER, (6) <br> FREDERICK ROCHESTER, (7) <br> JAMEL COVINGTON, (8) <br> JOHVON COVINGTON (9) | : <br> : <br> : <br> : |

**GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE AT TRIAL OF CERTAIN DEFENDANT'S STATE GUILTY PLEAS UNDER FEDERAL RULE OF EVIDENCE 801(d)(2)**

### I.    Introduction

The United States of America, by its attorneys, Jennifer Arbittier Williams, Acting United States Attorney for the Eastern District of Pennsylvania, Meaghan A. Flannery and Matthew T. Newcomer, Assistant United States Attorneys for the district, moves under Federal Rule of Evidence ("Rules") 801(d)(2), to introduce evidence that certain defendants admitted to possessing or distributing controlled substances and admitted to illegally possessing firearms during the time period of the conspiracy in this case. These admissions occurred when these defendants entered guilty pleas to Pennsylvania state criminal charges.

This evidence is admissible at trial as relevant, non-hearsay evidence under Rule 801(d)(2). In conjunction with the introduction of this evidence, the government requests that the Court instruct the jury that a particular defendant's guilty plea and related statement(s) only be considered against that particular defendant, and cannot be used against any other defendant in the case.

1

**II.    Analysis**

On October 13, 2019, a federal grand jury in the Eastern District of Pennsylvania returned a 68-count indictment charging thirteen defendants with a variety of crimes related to the 3rd Bone Drug Trafficking Organization. The group operated in the western portion of the city of Chester and was involved in narcotics distribution and several gang-related shootings and homicides. Each defendant is charged with conspiring to distribute cocaine base "crack," cocaine, fentanyl, and heroin in violation of 21 U.S.C. § 846.  The indictment identifies 194 overt acts that were part of this alleged conspiracy, which began in or about May 2016 and ended in or about September 2019. Each defendant is also charged with a number of substantive drug and firearm offenses including distribution and possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1), use of a communication facility in furtherance of a drug felony in violation of 21 U.S.C. § 843(b), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

At trial, the government intends to introduce evidence that the following defendants entered guilty pleas to drug and firearm charges during hearings before Pennsylvania state courts:

| Defendant | PA state crim. Case no. | Date of guilty plea | Charges | Date of criminal act(s) | OA alleged in indictment |
|---|---|---|---|---|---|
| T. Harper | CP-23-CR-0007452-2018 | 4/22/19 | Poss. With intent to deliver; possession of a firearm w/o license; endangering welfare of child | 11/20/18 | 163-65 |

2

| Rochester | CP-23-CR-1308-2017 | 4/10/17 | Possession with intent to deliver; Conspiracy; Possession | 2/16/17 | N/A |

The government also intends to introduce evidence that the defendant, Tyleel Harper pleaded guilty to destruction of property for an incident occurring on October 25, 2018 when the defendant attempted to collect a drug debt from a customer, as alleged in Overt Act 106 of the indictment.

| Defendant | PA state crim. Case no. | Date of guilty plea | Charges | Date of criminal act(s) | OA alleged in indictment |
|---|---|---|---|---|---|
| T. Harper | CP-23-CR-6771-2018 | 04/22/19 | Criminal attempted trespass; terroristic threats; possession of marijuana | 10/25/18 | 106 |

Guilty pleas and related statements are admissible under Rule 801(d)(2) as an opposing party's statement and non-hearsay because they are either (A) made by the defendant, (B) defendant manifested that he adopted or believed it to be true, (C) was made by a person whom the defendant authorized to make a statement on the subject, or (D) was made by the defendant's agent. See Fed. R. Evid. 801(d)(2)(A)-(D).

Focusing on the analysis from the perspective that a guilty plea or related statement is an "admission," under Rule 801(d)(2)(A), a statement offered against a party is not hearsay if it is the party's own statement. *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 96 (3d Cir. 1999). Because guilty pleas are offered against a party and are the party's own statements, guilty pleas are also "clearly admissible under . . . Federal Rule of Evidence 801(d)(2) as relevant

statements of the defendant." *United States v. Haddad*, 10 F.3d 1252, 1258 (7th Cir. 1993); *United States v. Williams*, 104 F.3d 213, 216 (8th Cir. 1997) ("A guilty plea is admissible in a subsequent collateral criminal trial as evidence of an admission by a party opponent."); *United States v. Maestas*, 941 F.2d 273, 278 (5th Cir. 1991).

As such, a guilty plea may be introduced as substantive evidence in a defendant's trial on a charge arising from the same transaction as the plea itself. *Maestas*, 941 F.2d at 278-79; *see United States v. Dabney*, 498 F.3d 455, 458 (7th Cir. 2007) (upholding use of a statement made during guilty plea hearing about gun possession); *United States v. Ant*, 882 F.2d 1389, 1393 (9th Cir. 1989) (guilty plea admissible in subsequent federal prosecution as "admission" under Fed. R. Evid. 801(d)(2)).

Although evidence of a defendant's guilty plea and related statements are admissible under Rule 801(d)(2), the Court must also consider whether the probative value of the statement(s) are substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. The guilty plea statement(s) are highly probative to the issues in this case, as these statements tend to establish that the applicable defendants distributed (or at least possessed) controlled substances during the conspiracy, and that they illegally possessed firearms. As the government has the burden of proof in this case, this is important evidence for it to present. It is true that the guilty plea statement(s) are damaging evidence of defendants' guilt. But that fact—that the evidence is damaging—is not a Rule 403 problem. Rule 403 is not designed to exclude evidence that "is merely undesirable from the defendant's perspective." *United States v. Cross*, 308 F.3d 308, 324 n. 23 (3d Cir. 2002). It is only intended to keep out evidence that is *unfairly* prejudicial. *Id.*

The term "'unfair prejudice' means 'an undue tendency to suggest decision on an

improper basis, commonly, though not necessarily, an emotional one.'" *Id.* (quoting Rule 403 advisory committee's note). In other words, evidence is unfairly prejudicial if it might lead the jury "into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Here, there is little risk that the admission of a defendant's alleged statement at a guilty plea hearing would cause the jury to decide the case on an improper basis. It is not the type of evidence that is inflammatory or otherwise would evoke an improper response by the jury. Instead, the guilty plea and related statements would be just another important link in the evidentiary chain that the jury should consider when deciding if the government proved the conspiracy as charged.

### III. Conclusion

**WHEREFORE**, the government requests that this Court grant the government's motion under Federal Rule of Evidence 801(d)(2).

Dated: August 16, 2021

        Respectfully submitted,

        JENNIFER ARBITTIER WILLIAMS
        *Acting United States Attorney*

        */s Jerome M. Maiaitco*
        JEROME M. MAIATICO
        *Assistant United States Attorney*
        *Chief, Narcotics and Organized Crime*

        */s Meaghan A. Flannery*
        MEAGHAN A. FLANNERY
        MATTHEW T. NEWCOMER
        *Assistant United States Attorneys*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | CRIMINAL NO. 19-636 |
| DESHAUN DAVIS, (1) <br> DWAYNE BUTLER, (2) <br> TYLEEL SCOTT-HARPER, (3) <br> ISIAH JENIFER, (6) <br> FREDERICK ROCHESTER, (7) <br> JAMEL COVINGTON, (8) <br> JOHVON COVINGTON (9) | : <br><br> : <br><br> : <br><br> : | |

**O R D E R**

AND NOW, this       day of            , 2021, it is hereby ORDERED that the following evidence of state guilty pleas entered by certain defendants is admissible pursuant to Federal Rule of Evidence 801(d)(2), provided that, if the government presents this evidence, the Court will provide a limiting instruction to the jury that this evidence only be considered against the defendant who made the particular statement:

| Defendant | PA state crim. Case no. | Date of guilty plea | Charges | Date of criminal act(s) | OA alleged in indictment |
|---|---|---|---|---|---|
| T. Harper | CP-23-CR-0007452-2018 | 4/22/19 | Possession with intent to deliver; possession of a firearm w/o license; endangering welfare of child | 11/20/18 | 163-65 |

6

| T. Harper | CP-23-CR-6771-2018 | 04/22/19 | Criminal attempted trespass; terroristic threats; possession of marijuana | 10/25/18 | 106 |
| Rochester | CP-23-CR-1308-2017 | 4/10/17 | Possession with intent to deliver; Conspiracy; Possession | 2/16/17 | N/A |

BY THE COURT:

_____

HONORABLE JUAN R. SANCHEZ
*Judge, United States District Court*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served a true and correct copy of the within motion to permit voice identifications on the following by ECF:

Nino Tinari, Esquire
nino@ntinarilaw.com
*Counsel for Deshaun Davis*

Steve Edward Jarmon, Esquire
sjarmon@lambmcerlane.com
*Counsel for Dwayne Butler*

Andrew Montroy, Esquire
amontroy@gmail.com
*Counsel for Tyleel Scott-Harper*

Rhonda Pantellas Lowe, Esquire
rhonda@rhondaplowe.com
*Counsel for Isiah Jenifer*

Benjamin Cooper, Esquire
bcooperlawyer@gmail.com
*Counsel for Frederick Rochester*

Paul J. Hetznecker, Esquire
phetznecker@aol.com
*Counsel for Jamel Covington*

Michael N. Huff, Esquire
michael.huff.esq@gmail.com
*Counsel for Johvon Covington*

        /s Meaghan A. Flannery
MEAGHAN A. FLANNERY
MATTHEW T. NEWCOMER
Assistant United States Attorneys

Date: August 16, 2021