IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 19-636-1 |
| | : | |
| DESHAUN DAVIS | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                                   **December 8, 2022**

On October 23, 2019, Defendant DeShaun Davis was charged with several drug-related offenses stemming from his role as the leader of a years-long drug trafficking conspiracy in the City of Chester, Pennsylvania. On September 9, 2021, one month before trial was set to begin, Davis entered a plea of guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The government and defense agreed that Davis should receive a sentence of 228 months, or 19 years, of incarceration. He faced a mandatory minimum of 15 years of imprisonment, with an additional 5 years to be added when the government filed a notice under 21 U.S.C. § 851 of its intention to file Information Charging Prior Offenses. However, Davis alleges that his trial counsel erroneously informed him that his mandatory minimum sentence was 25 years, instead of 20, and that this error induced him to plead guilty. Before sentencing occurred, Davis raised this argument in a pro se Motion to Withdraw Guilty Plea (ECF No. 391). As a result, this Court appointed counsel, who filed a second Motion to Withdraw (ECF No. 461).

Federal Rule of Criminal Procedure 11(d) provides, "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A guilty plea is a "grave and solemn act," *Brady v. United States*, 397 U.S. 742, 748 (1970). "Once a court accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea simply at his

whim," *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (citing *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001)). The defendant bears the burden of demonstrating a "fair and just" reason to withdraw his plea; "that burden is substantial." *Id.* (citing *United States v. Hyde*, 520 U.S. 670, 676-77 (1997)); *see also United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) ("[W]ithdrawal of a guilty plea is not an absolute right."). When evaluating a motion to withdraw a guilty plea, a district court must consider three factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Brown*, 250 F. 3d at 815. If the defendant fails to establish sufficient grounds for withdrawing the plea, the Government need not show prejudice. *See United States v. Cox*, 553 F. App'x 123, 126 (3d Cir. 2014).

Davis does not assert his innocence, so the first factor in *Brown* does not support his position. As to the second factor—the strength of his reason for withdrawal—Davis alleges he would not have pled guilty but for his attorney incorrectly calculating his mandatory minimum. A court may allow a defendant to withdraw a plea of guilty due to ineffective assistance of counsel only if "(1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; and (2) the defendant shows that he suffered sufficient prejudice from his counsel's errors." *Jones*, 336 F.3d at 253-54 (internal quotation marks and citation omitted). Davis is unable to meet this standard.

First, his attorney's recommendation to sign the plea agreement was reasonable given Davis' potential exposure. While it may have been deficient to incorrectly calculate the minimum sentence (an accusation of which, it should be noted, Davis has submitted no proof), Davis was not deprived of "the right to make a *reasonably* informed decision whether to accept a plea offer." *U.S. v. Day*, 969 F.2d 39, 43 (3d Cir. 1992) (emphasis added). Although a lawyer may err in

incorrectly informing a defendant about sentencing exposure, as the cases Davis cites suggest, without a "gross" miscalculation, such error cannot alone support a claim for withdrawal. *See U.S. v. Gordon*, 156 F.3d 376, 380 (2d Cir. 1998) (120 months versus 327 months); *U.S. v. Day*, 969 F.3d 39, 43 (3d Cir. 1992) (citing cases involving errors of 120 months versus 300 months and 36 months versus 480 months). Further, the government's suggested sentence of 228 months was at the very bottom of the sentencing guidelines range, regardless of the mandatory minimum. Finally, the government had advised Davis of both the overwhelming evidence against him, as well as their intent to charge him by way of superseding indictment with another count, qualifying him as a career offender and increasing his guidelines range. It was therefore reasonable for his trial counsel to advise him to accept the plea offer; regardless of how the mandatory minimum was calculated, Davis received a good deal.

    Neither can Davis meet the prejudice prong, which requires him to show that, but for his counsel's ineffective assistance, he would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). Davis may very likely still have pled guilty had his trial counsel not mistakenly cited 25 years as his mandatory minimum, given that his C-plea was still for one year less than the correct minimum of 20 years. Additionally, Davis was advised multiple times of the correct minimum, through the written plea agreement and the Court's colloquy during the change of plea hearing. He repeatedly stated under oath that he was satisfied with his attorney's representation. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). In short, Davis has failed to establish a fair and just reason for withdrawing his plea.

Because Davis has not demonstrated sufficient grounds for withdrawing the plea, the Government is not required to show prejudice. *See Cox*, 553 F. App'x at 126. Davis' motion will therefore be denied.

                                                  BY THE COURT:

                                                  /s/ Juan R. Sánchez
                                                  Juan R. Sánchez, C.J.